# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Julie R. Helvie,                                                     Civil No. 08-779 (DWF/FLN)

          Plaintiff,

v.                                                         **ORDER ADOPTING REPORT**
                                                               **AND RECOMMENDATION**

Michael J. Astrue,
Commissioner of Social Security,

          Defendant.

___

David G. Kuduk, Esq., Legal Aid Service of Northeastern MN, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

___

      This matter is before the Court upon Defendant Commissioner of Social Security Michael J. Astrue's objections to Magistrate Judge Franklin L. Noel's Report and Recommendation dated July 9, 2009, recommending that: (1) Plaintiff's Motion for Judgment on the Pleadings be granted in part; (2) the case be remanded for further proceedings consistent with Magistrate Judge Noel's Report and Recommendation, pursuant to sentence four of 42 U.S.C. § 405(g); and (3) Defendant's Motion for Summary Judgment be denied.

      The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In the Report and Recommendation, Magistrate Judge Noel granted in part Plaintiff's Motion for Judgment on the Pleadings and remanded the case to the ALJ for future proceedings.  In the Report and Recommendation, the Magistrate Judge concluded that the ALJ, in determining whether Plaintiff met the requirements for Listing 12.04 or 12.06 and in establishing Plaintiff's Residual Functional Capacity ("RFC"), failed to consider whether Plaintiff's physical and mental impairments in combination resulted in marked restrictions of activities of daily living or in marked restrictions in Plaintiff's ability to maintain concentration, persistence, or pace.  The Magistrate Judge explained that the ALJ failed to discuss certain evidence or to make any comment on the combined effect of Plaintiff's physical and mental impairments in evaluating whether Plaintiff equaled Listing 12.04 or 12.06, and that remand is required to address this deficiency. With respect to Plaintiff's RFC, the Magistrate Judge concluded that the ALJ erred by failing to consider the opinion of Ellen Tiegland, a licensed psychologist who treated Plaintiff in psychotherapy, and further explained that the ALJ must consider the conflicting opinions of Tiegland and Dr. Bransford, a psychiatrist, and give reasons for accepting Dr. Bransford's opinion over Tiegland's.  In addition, the Magistrate Judge noted that the ALJ did not rely on medical evidence to determine Plaintiff's RFC and that remand was required for further development of the record.

Defendant objects to the Report and Recommendation and asserts that the ALJ appropriately considered all of Plaintiff's impairments in finding that she did not meet the requirements for Listing 12.04 or 12.06 and in establishing her RFC. In particular, Defendant asserts that the ALJ reviewed and considered notes from Plaintiff's treating psychologist, other medical evidence, and the record as a whole, including all evidence of mental or physical impairment, to determine Plaintiff's RFC. Defendant maintains that substantial evidence supports the ALJ's RFC determination.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby adopts Magistrate Judge Noel's July 9, 2009 Report and Recommendation in its entirety. In particular, the Court agrees with the Magistrate Judge's conclusions that the ALJ failed to consider whether Plaintiff's physical and mental impairments in combination resulted in marked restrictions of daily living or caused a marked restriction in Plaintiff's ability to maintain concentration, persistence, or pace. In addition, the Court agrees with the Magistrate Judge's conclusion that the ALJ erred by failing to consider the opinion of Tiegland and that the ALJ failed to rely on medical evidence to determine Plaintiff's RFC.

Accordingly, it is **HEREBY ORDERED** that:

1. Defendant Commissioner of Social Security Michael J. Astrue's objections (Doc. No. 24) to Magistrate Judge Franklin L. Noel's Report and Recommendation dated July 9, 2009, are **DENIED**.

2. Magistrate Judge Franklin L. Noel's Report and Recommendation dated July 9, 2009 (Doc. No. 23), is **ADOPTED**.

3. Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 15) is **GRANTED IN PART**.

4. The case is **REMANDED** for further proceedings consistent with Magistrate Judge Noel's Report and Recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

5. Defendant's Motion for Summary Judgment (Doc. No. 20) is **DENIED**.

Dated: September 8, 2009          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge